## No. XXII.

### SOLOMON WOLFE V. ROBERT STEPHENS.

*Appeal from Nacogdoches County.*

JONES (WILLIAM J.), JUSTICE.—This was a suit instituted by Robert Shephens against Solomon Wolfe, upon a note of said Wolfe payable to the order of Washington Dorsey, and indorsed by him, without date, to the appellee.

The appellant filed with his plea certain interrogatories under oath, to ascertain whether the appellee was the owner of the note sued on; and if not, the appellee was called upon to disclose the real owner of the same. This evidence was alleged to be material to his defense.

---

court out of which the execution issued. De Witt v. Dunn, 15 T., 106; Griswold v. Chandler, 22 T., 637; De la Garza v. Booth, 28 T., 478; Robinson v.

At the trial in the court below, the plaintiff's counsel moved to strike out that portion of the defendant's plea which charged that the plaintiff was not the owner of the note in suit, together with the interrogatories propounded to plaintiff. The court sustained the motion of the plaintiff's counsel; from which judgment the defendant has appealed to this court.

That portion of the appellant's plea which sets up that the plaintiff is not the owner of the note sued on is a plea in abatement, but not verified according to the statute. This court has already decided, in Weatherford v. Tinnin, that "the denial of the right of the plaintiff to sue should be taken advantage of by plea in abatement, *supported by oath or affirmation.*" The plea in the case before us is not so supported, and was properly overruled by the court.

The interrogatories propounded by the defendant to plaintiff sought to obtain evidence to support the plea in abatement. That plea having been overruled, any testimony offered to sustain it should have been rejected. The interrogatories were therefore properly stricken out as irrelevant to the issue before the court.

The judgment must be affirmed.

*Affirmed.*